IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-00511-FDW
(3:12-cr-00266-FDW-1)

| | |
|---|---|
| LINDA SMOOT RADEKER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on consideration of the Government's Response to the Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence, which she filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner'§ 2255 motion will be granted in part and dismissed in part.

I. BACKGROUND

Petitioner was named in a Three-Count Information filed in this District which alleged that she and others participated in a wide-ranging conspiracy to defraud the North Carolina Medical Assistance Program ("Medicaid" or "Medicaid Assistance Program"). Petitioner waived her right to proceed by Indictment and she entered into a written plea agreement in which she agreed to plead guilty to the three counts in her Information. Petitioner's plea was accepted following a Rule 11 hearing before U.S. Magistrate Judge David S. Cayer.

On August 8, 2013, Petitioner appeared with counsel before the undersigned for her sentencing hearing. Petitioner was sentenced to three concurrent terms of 72-months' imprisonment and ordered to pay restitution, jointly and severally with a co-defendant, Victoria

1

Brewton. On September 6, 2013, the judgment was filed and she did not appeal.

II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

In her § 2255 motion, Petitioner raises several claims for relief, only one of which is relevant to disposition of this collateral proceeding. Namely, Petitioner declares in her § 2255 motion, under penalty of perjury, that her trial counsel failed to file a notice of appeal from her judgment to the United States Court of Appeals for the Fourth Circuit, and this is despite, as she avers, her express instruction that he do so. In one of her claims for relief, Petitioner contends that because of her counsel's failure to file a direct, she should be allowed to file an out-of-time direct appeal. (3:14-cv-00511, Doc. No. 1: Section 2255 Motion at 7, 13).[1]

It is well-settled that when a defendant expressly directs his or her attorney to file a notice of appeal from a criminal judgment, the failure to file the notice of appeal constitutes per se ineffective assistance of counsel. That is, the defendant is presumed to have suffered prejudice no what the matter the potential merits of the claims for relief might be or even if she has waived her appellate rights, as Petitioner has done through her written plea agreement in this case. See

---

[1] The citations are to the page numbers contained in the bottom footer which is generated by the Court's ECF System.

2

Evitts v. Lucey, 469 U.S. 387, 391-405 (1985). The Supreme Court has reaffirm[ed] "the time-honored principle that an attorney is not at liberty to disregard the appellate wishes of his client." United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007) (citing Roe v. Flores-Ortega, 528 U.S. 470 (2000)). See also Rodriguez v. United States, 395 U.S. 327, 329-330 (1969) (defendant has absolute statutory right to direct appeal) (citing Coppedge v. United States, 369 U.S. 438, 441-42 (1962)).

In the instant case, Petitioner maintains in her sworn petition that she instructed her attorney to file a direct appeal and she reiterates this contention in her supporting memorandum. (3:14-cv-511, Doc. No. 1-1: Memorandum at 2-3, and 11 (noting that she "definitively and timely notified" counsel that she wished to pursue a direct appeal but he failed to file the appeal)).

In its response, the Government contends that the appropriate remedy in this case is to vacate Petitioner's criminal judgment and enter a new judgment from which Petitioner could file a direct appeal. The Government notes that even if an affidavit were submitted from Petitioner's attorney which expressly refuted Petitioner's claim that she instructed him to file a direct appeal, the Court would nevertheless be bound to resolve the conflicting issues by conducting an evidentiary hearing. See (Doc. No. 3: Government's Response at 4-6).

Upon review of the Petitioner's verified motion, the Government's response thereto, and the applicable authority, the Court finds that Petitioner has set forth a cognizable claim of ineffective assistance of counsel. Petitioner's criminal judgment will therefore be vacated and a new judgment entered for the limited purpose of allowing Petitioner to file a direct appeal in her criminal case. Petitioner's remaining claims for relief will be dismissed without prejudice to her ability to file another § 2255 motion, if she so chooses, after conclusion of the direct appeal.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate is **GRANTED IN PART** for the reasons stated herein. (Doc. 1). The Clerk is directed to prepare an Amended Judgment with the same terms and conditions as Petitioner's Judgment that was filed on September 6, 2013, and submit it to the Court for consideration. (3:12-cr-00266-FDW-1, Doc. No. 23: Judgment in a Criminal Case.

**IT IS FURTHER ORDERED** that Petitioner shall have fourteen (14) days from entry of the Amended Judgment to file a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit.

**IT IS FURTHER ORDERED** that Petitioner's remaining grounds for relief are **DISMISSED WITHOUT PREJUDICE**.

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: July 2, 2015

Frank D. Whitney
Chief United States District Judge